EMIL GASCH et al.

v.

C. L. NIEHOFF.

*Filed at Ottawa March 28, 1896—Rehearing denied October 9, 1896.*

1. INSTRUCTIONS—*as to office of affidavit in attachment.* An instruction in a suit commenced by attachment that the affidavit for attachment is not evidence, but that the jury are to find whether the statements made therein are true, is not erroneous.

2. APPEALS AND ERRORS—*when question of law must be raised by instruction.* To preserve a question of law on which the Supreme Court can act in a cause submitted to the jury on the facts proved, such question must be submitted as an instruction to be acted on by the court.

3. SAME—*Supreme Court cannot review law and facts.* The Supreme Court cannot review questions of fact and law submitted without instructions or propositions held or refused as law, under the statute providing that it must accept the facts as found by the Appellate and lower courts.

*Gasch v. Niehoff*, 54 Ill. App. 680, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

KRAFT, WILLIAMS & KRAFT, for plaintiffs in error.

ALBERT H. MEADS, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The plaintiffs in error, who were the plaintiffs in the trial court, commenced a suit by attachment against C. L. Niehoff & Co. in the circuit court of Cook county, and filed their affidavit alleging "that C. L. Niehoff is about to depart from this State with the intention of having their effects removed from this State and about to remove their property from this State to the injury of plaintiffs, and have, within two years last past, fraudu-

lently conveyed or assigned their effects, or a part thereof, so as to hinder and delay their creditors, and have, within two years last past, fraudulently concealed or disposed of their property so as to hinder and delay their creditors, and are about fraudulently to conceal, assign and otherwise dispose of their property and effects so as to hinder or delay their creditors." A declaration containing the common counts, with affidavit of merits, was also filed. To the declaration a plea of general issue was interposed, and a plea traversing the affidavit for attachment was filed. A trial before a jury resulted in a verdict on the issue on the affidavit for attachment for the defendant, and on the issue on the declaration the plaintiffs' damages were assessed at $2058.33. A motion for new trial on the issue on the writ, entered by plaintiffs, was denied and judgment entered. Exceptions were taken, whereupon plaintiffs prosecuted an appeal to the Appellate Court for the First District, where that judgment was affirmed. This writ of error is prosecuted.

In the affidavit for attachment and in the declaration the defendant is described as C. L. Niehoff & Co., without averring a firm or corporation, and the writ was served by an attachment levied on certain property and by reading to C. L. Niehoff.

No exception was taken to the admission or exclusion of evidence, and by consent of parties the court instructed the jury orally, the parties, by their attorneys, having waived written instructions. This charge to the jury was, that the affidavit was not evidence, but they were to find whether the statements made in the affidavit were true, and instructed them as to the form of their verdict. There was no error in the charge to the jury.

No question of law is presented on which this court can act.

It is urged by plaintiffs in error that the evidence shows the defendant was a banker and received deposits from them, but the money was not accounted for. It is

also urged the evidence shows the defendant kept his books showing forced balances, and money deposited was taken from the bank by the defendant and his sons, who were his clerks. The contention of plaintiffs therefore is, the evidence discloses systematic stealing, covering a period of two years, by Niehoff and his sons; that there was no conflicting evidence, and from such a state of facts the law implies fraud; that fraud resulted as a legal consequence or conclusion. The argument is, where the evidence so thoroughly establishes the fraud charged as the ground of attachment, notwithstanding the jury returned a verdict for the defendant on that issue, the trial court should have granted a new trial on the ground the verdict is contrary to the law, because from such acts as are proved fraud is a legal consequence, and the Appellate Court erred in its refusal to sustain the assignment of error, whereby a question of law arises for this court to determine.

The cause was submitted to the jury on the facts proven, and to preserve a question of law on which this court can act it must be submitted as an instruction to be acted on by the court. Where questions of fact and law are involved in a case, by submitting them without instructions or propositions held or refused as law, the statute providing this court must accept the facts as found by the Appellate and trial courts would be disregarded, and we be compelled to pass on questions of both law and fact. Such practice was not contemplated by the legislature. No question arises in this record for our consideration, under the statute.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*